Curia, per

Richardson, J.
We have to inquire whether Jeremiah D. Yates is constitutionally and legally entitled to the office of sheriff of Charleston district 1
The facts of the case are unequivocal. On the 14th and 15th of January, 1836, the respondent was duly elected sheriff of the district; and .on the 29th of January, presented his bond for the performance of his (official duties.
This bond had been certified, and the sureties of Yates approved by the commissioners appointed for such purposes. But the form of the bond not being approved by the Attorney General, the treasurer refused to accept it. Upon this non-acceptance of the treasurer, after having tried to procure a writ of mandamus, in order to require the Attorney General to .approve the form of the bond, and failing in his motion, Yates executed another bond, as of the same date; which being duly certified by the commissioners, was also approved by the Attorney General, and accepted by the treasurer, on the 12th February. And thereupon, Yates entered upon the duties and privileges of the sheriff of Charleston district, on the 24th of March following.
Both bonds were under the penalty and in the condition and due form of law. But the bond presented on the 29th of January, had the following words annexed to the names of some of the bondsmen, who had subscribed as the sureties of the sheriff, i. e. “For twenty-five hundred dollars, pro rata with the other co-obligors on this bond.” And the Attorney General had declined approving of that bond, on account of such words being annexed ; apprehending, no doubt, that suph terms might alter the *233 liability of the sureties, from the legal condition set forth in the body of the bond.
By the Act of 1795, the sheriff elect is required to give bond and security within three weeks after his election ; or in default, to vacate his office» And the objection to the respondent holding his office, is, that the bond tendered on the 29th of January, was not in form of law, by reason of the terms annexed to the signatures of some of the sureties; nor approved by the Attorney General, nor accepted by the treasurer.
And as to the second bond, tendered and accepted on the 12th of Feb? ruary, although in due form, yet not being tendered or accepted within three weeks after the election, Yates cannot hold the office by virtue of it. Because the office had, at that time, been already vacated.
It will be seen at once, that if the bond tendered on the 29th of January, was in legal form, it ought to have been approved by the Attorney General, and accepted by the treasurer; and if it had been so approved and accepted, then Yates must have been entitled to the office.
This statement brings us to the proper questions to be decided.
1. Was the bond tendered on the 29th of January, in due form, ornot ?
2. If that bond was in due form, so as to leave the office un vacated, then does the bond accepted on the 12th of .February, constitute the previous security required of the sheriff elect, and thereby still uphold Mr. Yates in his office ?
As to the first question, was the bond of the 29th. of January in due form %
The objection to the from is, that the terms annexed to the signatures of some of the bondsmen, would confine the liability of these bondsmen to #2,500, or. the aliquot part of the penalty of #50,000 ; whereas, the Act of 1829, was intended to make each security, as well as the principal, liable for the whole amount of the penalty. ^
Let us admit that the terms annexed to the signatures would operate to confine the respective amounts for which the sureties ought to have been bound, to #2,500. And the question will then be, do not these terms still amount to no more than the harmless expression of what the law really requires of the sureties, and that, therefore, such terms make no difference in the condition of the bond.
The Act of 1795, enacts as follows :
2 BreVard, p. 217, &c. “And the persons who shall be approved of, and join as securities,” &c. “shall severally be held,” &c., “each for his equal part of the whole sum in which the bond is given,” &c. “and no more than such equal part shall in any court be recoverable of or from any one of the said securities,” &c.
*234 .T.fiis enactment is too plain .to be questioned. The words annexed to the signatures express the true liability of the sureties, and are as harmless as if the sureties had informed us in the same manner, that they were not to be liable at all, until the return of “nidia bona” against Jeremiah D. Yates, which is provided in the next page of the same Act; which if annexed to the names of the bondsmen, vvould amount to an immaterial superfluity.
But on this head, it is further urged, that by the Act of 1829, p. 21, the form of the sheriff’s bond is adopted : and inasmuch as the Act requires a joint bond of the officer and his sureties, it follows, that every bondsman is liable for the whole penalty; and by adopting such a form, the clause of the Act of 1795, before quoted, is virtually repealed, The answer to this objection is very simple. There is no repeal of the former Act. Such a repeal would be by mere implication, which ought not to take place, unless there be an irreconcilable incongruity between the two. Acts; but such incongruity does not appear.
The Act of 1829 preset ibes the form of the bond to be given by all public officers, but leaves the liability of the bondsmen precisely as it stood. The two Acts are consistent, and stand well together.
But again, it is argued that the Attorney General did not approve of the form of the bond.
The Act of 1820, p. 42, enacts, &c. “That every bond to be hereafter given by any public officer,” &c. &c., “shall previously to its being accepted or recorded, be examined by the Attorney General,” &c. &c., “who shall certify in writing, on the back thereof, that he approves of the form of the said bond ; without which certificate, no such bond shall hereafter be accept*, ed.” This enactment plainly prohibits the treasurer from accepting the bond, before the form of it shall have been approved of by the Attorney General. But no forfeiture of the office is consequent upon the non-approval. The forfeiture still depends upon the Act of 1795, and turns upon the neglect to give the bond with approved securities, within three weeks after the election of the claimant. This will be seen more directly hereafter.
But it is further argued, that inasmuch as the treasurer did not accept of the bond, within three weeks of the election, Yates could not enter upon his office. 2 Bailey, 216 — 17.
By the Act of 1795, 2 Faust, 8, it is enacted, “That the persons who shall be hereafter elected to the office of sheriff,” &c., “shall, within three weeks,” &c., “enter into a bond,” &c., “payable to the treasurers,” “which bonds shall be executed by the said sheriffs respectively, and *235 ahy number of securities, not exceeding twenty, nor less than five, which securities, before they are accepted or received by the treasurer, shall be approved of in writing, by the commissioners, in manner hereinafter directed ; who are hereby severally authorized and required to consider and determine, in their several districts, respecting the competency of the several persons to be offered byjbe sheriffs for the purposes aforesaid.”
What is here required of the sheriff elect 1 He is required to enter into bond to the treasurer, with securities to be approved of by the commissioners, before they shall be accepted by the treasurer. And the sheriff must give such bond and securities, within three weeks siicceeding the election;
The Act then goes on to enact as follows“And no person to be elected or appointed to the office of sheriff, shall be permitted, by the judges, to enter upon the execution of his office, until he has recorded in the office of the clerk,” &c. &c., “a certificate from the commissioners,” &c., “that such sheriff hath duly executed and lodged in the treasury, such’ bond with such security as is required by this Act.”
This enactment does no more than suspend the sheriff in the execution of his office, until he should have recorded in the office of the clerk, the certificate required. But his office is not vacated by the omission or delay to record the certificate.-
After the foregoing enactment; the clause of forfeiture follows, in these words:
“And if any person, so to be elected or appointed, as aforesaid, to the áaid office, shall fail to provide and perfect the security, within the time required by this Act, the office of such sheriff shall be, and is hereby declared to be, vacated.”
Upon this enactment, we are to ask, what is the condition upon which the office may be claimed, and what is the cause of the forfeiture T
The condition precedent to the title of the sheriff elect, to enter upon his office, is, that he shall have entered into the bond, together with such securities as the commissioners have affirmatively approved of, within three weeks of his election. And the cause of forfeiture is the omission to give such bond with such security, within the prescribed time.
It follows, therefore, that the moment the commissioners had, on the 27th of January, 1836, certified upon the bond of Jeremiah D. Yates, their approval of the sureties offered, he had provided, and in the language of the Act, perfected, the security required, and his title to the office attached at that moment.
The non-approval of the Attorney General, or non-acceptance of the treasurer, like the delay of recording the certificate of the commissioners *236 with the clerk, are merely reasons for a postponement of the practical duties and privileges of the office.
They occasion unavoidable delay, but do not vacate the office.
From these premises, we may fairly conclude, that the respondent did fulfil the conditions of office, as required by the Act of 1795, and in due time. That the Attorney General might well have approved of the form of the bond, and the treasurer have accepted it. And that, therefore, the office has not been vacated by the non-approval of the one, or the non-acceptance of the other.
But the second inquiry remains to be answered.
Mr. Yates executed another bond, of the'same' date with the former, and in due form of law, had it properly certified and approved. This bond was accepted by the treasurer on the 12th of February, 1836, which was after the prescribed time of three weeks.
Can this second bond be a fulfilment of the condition of giving bond , within three weeks of the election 1
The answer must have been anticipated from the principle already considered.
No matter When this second bond was accepted, if the acceptance was before Yates entered upon his office. It is a good bond, both at common law, and under the Act of 1795. It binds the bondsmen from the time of acceptance, and fulfils the condition of giving security for the faithful discharge of the duties of the sheriff’s office: provided Mr. Yates can hold the office legally.
On this head, the argument is, that the bond presented on the 29th of January, is as no bond, because unaccepted by the treasurer, who could not accept it before the approval of the Attorney General.
Let this be granted; yet still the question is, has Yates incurred the forfeiture, not by reason of his own omission to enter into bond, which under the Act is the only cause of forfeiture, but by the omission of another officer.
In a word, can Yates incur the penalty, by doing, in proper form, and in time, the very act, the omission of which act, in form and time, would be the cause of forfeiture %
If Yates had persevered in tendering no other bond but the first, he must have obtained his office, notwithstanding the delay occasioned by the non-acceptance. And his tender, and the acceptance of the second bond in lieu of it, cannot lessen his fight to the office, which had attached by reason of the tender of the first bond.
A question may possibly arise, whether he has not given double security, i. e. by the first, as well as the second bond.
J. L. Wilson Sf Lance, for the motion. Alio. General fy Yeadon, contra.
But in fact, he did tender a proper bond within three weeks, and in fact he has since given the security required by the Act, which has been accepted.
The only evidence of Yates’s neglect to give bond in time, is merely ostensible. The treasurer did not accept it, but there was no neglect or omission on the part of Yates. And if the mere non-acceptance of the treasurer, in due time, could bring the forfeiture upon Yates, then, any such delay .or mistake of that officer, whether involuntary or wilful, hostile or excusable, would oust the successful candidate, and supercede the election.
Such a consequence would, of itself, constitute a strong argument against the appeal to this court. But the decision turns upon the Act of 1795. Its letter was fulfilled by Yates when he tendered the first bond, in proper form, on the 29th of January, and his right attached. The spirit and object of the Act was answered and satisfied, when the treasurer accepted a proper and legal bond, in lieu of the former bond, on the 12tb of February. This enabled Yates to enter practically upon the right which .had attached on the 29th of January, by virtue of the tender of the first bond; and Yates is, therefore, legally and constitutionally sheriff bf Charleston district.
Gantt, O’Neai.l, Evans, and Butler, JJ., concurred.